Brian P. R. Eisenhower
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006-3776
Tel: (212) 669-0617
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>- against -<br><br>LANDSTAR RANGER, INC., AMASON INC., and TRANSPORTATION MARKETING SERVICES INTERNATIONAL, INC.,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-7179<br><br>**COMPLAINT** |

　　　　Plaintiff, The Continental Insurance Company ("Plaintiff" or "Continental"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Landstar Ranger, Inc., Amason Inc., and Transportation Marketing Services International Inc. (collectively, "Defendants"), alleges upon information and belief as follows:

　　　　1.　　This action arises from damage to a shipment of pharmaceuticals transported in interstate commerce from New Jersey to South Carolina in or about June 2022 ("Cargo").

　　　　2.　　This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337, as this action seeks recovery for loss and/or damage to goods transported interstate by motor carriage, and therefore arises under the Carmack Amendment to the Interstate Commerce Act, as

1

amended and recodified, 49 U.S.C. § 14706, and the amount in controversy exceeds $10,000 per bill of lading, exclusive of costs and interest.

3. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over all other claims that are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Defendants are subject to the personal jurisdiction of this Honorable Court because they agreed to transport the Cargo from within New Jersey and deliver it to a destination in South Carolina and thereby purposefully directed their activities at this forum state.

5. This District is a proper venue for this action pursuant to 49 U.S.C. § 14706(d), as the Defendants operate through this District.

6. At all times relevant hereto, Plaintiff was and now is an insurance company organized and existing under Pennsylvania law, with a head office and place of business at 151 N. Franklin Street, Chicago, Illinois 60606.

7. At all relevant times hereto, Plaintiff issued a policy of cargo insurance to Fresenius USA Marketing Inc. ("Fresenius"), located at 920 Winter Street, Waltham, Massachusetts 02451, to insure, *inter alia*, goods while in transit.

8. At all times relevant hereto, defendant, Landstar Ranger, Inc. ("Landstar"), was and now is a corporation or other business entity duly existing at law, with an office and place of business at 13410 Sutton Park Drive South, Jacksonville, FL 32224, registered with the United States Department of Transportation as an interstate carrier and engaged in business as a motor carrier and/or freight forwarder of goods in interstate commerce. Landstar may be served through its agent for service of process in New Jersey, Registered Agents Inc, 525 Rt 37 N, Ste 104, Marlton, New Jersey 08053.

9. At all times relevant hereto, defendant, Amason Inc. ("Amason"), was and now is a corporation or other business entity duly existing at law, with an office and place of business at 9245 Calumet Ave Suite 201-A, Munster, Indiana 46321, registered with the United States Department of Transportation as an interstate carrier and engaged in business as a motor carrier and/or freight forwarder of goods in interstate commerce. Amason may be served through its agent for service of process in New Jersey, Kenneth A. Olsen, 33 Philhower Rd, Lebanon, New Jersey 08833.

10. At all times relevant hereto, defendant, Transportation Marketing Services International, Inc. ("TMSI"), was and now is a corporation or other business entity duly existing at law, with an office and place of business at 2095 Old Union Road, Cheektowaga, New York 14227, registered with the United States Department of Transportation as an interstate carrier and engaged in business as a motor carrier and/or freight forwarder of goods in interstate commerce. TMSI may be served through its agent for service of process in New Jersey, Kenneth A. Olsen, 33 Philhower Rd, Lebanon, New Jersey 08833.

11. In or about June 2022, TMSI, Landstar, and/or Amason agreed for certain consideration to provide services relating to the transportation of the Cargo from Monroe Township, New Jersey, to Rock Hill, South Carolina.

12. In or about June 2022, TMSI, Landstar, and/or Amason agreed for certain consideration to transport the Cargo from Monroe Township, New Jersey, to Rock Hill, South Carolina, by motor carriage.

13. In June 2022, TMSI bill of lading number 261816 was issued for the transportation of the Cargo ("Bill of Lading").

14. The Bill of Lading states, "CARRIER NAME: LANDSTAR RANGER".

15. The Bill of Lading stated, in two places, "DO NOT FREEZE".

16. The Bill of Lading includes a box entitled "CARRIER SIGNATURE" containing a signature by or on behalf of one or more of the Defendants.

17. The Cargo was tendered to one or more of the Defendants at origin in good order and condition, at an appropriate temperature, and suitable in every respect for its intended transportation.

18. One or more of the Defendants received, accepted, and took control over the Cargo pending delivery to the agreed destination in South Carolina.

19. Thereafter, while within the care, custody and/or control of one or more of the Defendants, the Cargo was exposed to freezing temperatures prior to delivery to South Carolina, causing a loss to Fresenius.

20. Defendants failed to deliver the Cargo in the same good order and condition at its destination as it was received, were negligent and careless in their handling of the Cargo, and/or otherwise breached and violated their duties and obligations as common carriers, freight forwarders, and/or bailees of the Cargo, and were otherwise at fault.

21. The loss and/or damage was not caused by any circumstance that would give rise to a defense or exception to carrier liability.

22. In response to a first-party insurance claim made by Fresenius to Continental under a certain policy of cargo insurance then in full force and effect, and prior to the commencement of this action, Continental reimbursed Fresenius for the loss at issue, in accordance with its obligations under the policy, and thereby became subrogated to all of Fresenius' rights, remedies, claims, and causes of action against third parties with respect to the Cargo, including those asserted against Defendants herein.

23. Plaintiff brings this action on its own behalf and, as agent and trustee, on behalf and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

24. Plaintiff and its subrogor have duly performed all duties, obligations, and conditions precedent to be performed on their part, including the payment of freight.

25. By reason of the foregoing, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $42,577.12.

**WHEREFORE**, Plaintiff prays:

(i) that process be issued against the Defendants in due form of law according to the practice of this Honorable Court, citing them to appear and answer the foregoing;

(ii) that judgment be entered against the Defendants in the amount of $42,577.12, plus interest, costs, and attorneys' fees; and

(iii) for such other and further relied as this Honorable Court deems just and proper under the circumstances.

Dated: June 21, 2024

                          HILL RIVKINS LLP
                          *Attorneys for Plaintiff*

                  By:    /s/ Brian P. R. Eisenhower
                            Brian P. R. Eisenhower
                            45 Broadway, Suite 2110
                            New York, NY 10006-3776
                            Tel: (212) 669-0617
                            Email: beisenhower@hillrivkins.com